1      UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE ANDRE BIROTTE JR., U.S. DISTRICT JUDGE

4

5  UNITED STATES OF AMERICA,     )
                 )
6        Plaintiff,   ) CASE NO.
                 ) CR 21-351-AB
7    vs.           )
                 )
8  JOHNNY RAY GASCA,       )
                 )
9        Defendant.   )
  _____)

10

11

12

13     REPORTER'S TRANSCRIPT OF PROCEEDINGS

14        PAGES 16 TO 26

15      TUESDAY, NOVEMBER 22, 2022

16         10:19 A.M.

17      LOS ANGELES, CALIFORNIA

18

19

20

21

22
    _____

23      MAREA WOOLRICH, CSR 12698, CCRR
      FEDERAL OFFICIAL COURT REPORTER
      350 WEST FIRST STREET, SUITE 4311
24     LOS ANGELES, CALIFORNIA 90012
       mareawoolrich@aol.com

25

1          **APPEARANCES OF COUNSEL:**

2

3    **FOR PLAINTIFF:**

4        OFFICE OF THE UNITED STATES ATTORNEY
         BY:  KEVIN REIDY
5        -AND-  KATHY YU
         ASSISTANT UNITED STATES ATTORNEYS
6        312 NORTH SPRING STREET, 13TH FLOOR
         LOS ANGELES, CALIFORNIA 90012
7        (213) 894-2434

8

9    **FOR THE DEFENDANT:**

10       JOHNNY RAY GASCA, IN PRO SE
         -AND-
11       FOR THE DEFENDANT - ADVISORY COUNSEL:
         LAW OFFICES OF WILLIAM HARRIS
12       BY:  WILLIAM HARRIS, ATTORNEY AT LAW
         1499 HUNTINGTON DRIVE, SUITE 403
13       SOUTH PASADENA, CA 91030
         (626) 255-5253

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

```
 1              LOS ANGELES, CALIFORNIA; TUESDAY, NOVEMBER 22, 2022

 2                          10:19 A.M.

 3                          -oOo-

 4

 5              (Pages 1 through 15 heard in closed courtroom

 6              ordered sealed by the Court.)

 7              (Government counsel re-enters the courtroom.)

 8              (The following was held in open court.)

 9              THE COURT:  We are back on the record.  The

10   transcript is now unsealed.

11              So we are going to relieve Mr. Harris as advisory

12   counsel.  I'm going to go down the list of the CJA panel.  Next

13   on deck, if he's available, is Mark Chambers.  He will be

14   appointed as advisory counsel.

15              We have a trial date set for December, I believe,

16   the 6th.  We are going to start the trial that day on the 6th,

17   but we will start at 1:00 p.m.  We won't start in the morning.

18              It's a bench trial; correct?

19              MR. REIDY:  Yes, Your Honor.

20              THE COURT:  Mr. Gasca, a bench trial; correct?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  So government's ETA on trial?  How many

23   days?

24              MR. REIDY:  Three days, Your Honor.

25              THE COURT:  So just bear with me one second.  So
```

1    we'll start 1:00 p.m. on December 6th.  Both sides be advised

2    that, if necessary, I'd like to finish it that week.  You are

3    saying three days.  I'd like to finish it on the 9th.  So I'm

4    going to try to move my civil and criminal calendar, but I'm

5    going to ask you all to be as efficient as possible to try to

6    get the testimony done before the 9th.  All right?

7                MR. REIDY:  Your Honor, would the Court just -- as

8    far as the close of the case, would the Court want oral

9    arguments or closing briefs filed after --

10               THE COURT:  No.  We can do it orally unless there's

11   something I'm missing.  I mean, I'm going to be listening to

12   the trial.  So we might as well just deal with it at the time.

13               MR. REIDY:  Understood, Your Honor.

14               And then I think we might ask for some consideration

15   with calling -- I think the defense intends to call the victim

16   in the case.  And so we were -- depending on her availability,

17   we might ask the Court for permission to call her out of order.

18               THE COURT:  I have no problem with calling her out

19   of order.  But I'd like to -- because I have another trial I

20   have to start on the 13th, another person in custody.  And so

21   I'd like to finish this trial before then.  So if we need to

22   call witnesses out of order on both sides, I have no problem

23   with that.  It's a bench trial.  It's not like we have to worry

24   about the jurors' inability or ability to understand things.

25               MR. REIDY:  Yes, Your Honor.

1          THE DEFENDANT:  Your Honor, I have a problem with

2    calling that particular witness out of order because no doubt

3    they want to call her out of order so they can repair whatever

4    damage -- remember, they are not bringing her.  I'm bringing

5    her.  So when I need to call her is when I need to call her

6    according to my lineup of witnesses.

7          THE COURT:  So you make your objection at the trial.

8    But I will tell you my practice is, if there's a scheduling

9    issue -- I've done it for both sides -- I'm not going to

10   inconvenience folks just because they can or cannot be here.

11   It's a bench trial.  So I'm going to hear the evidence.

12         THE DEFENDANT:  She's in a home.  So there's no --

13   she has no dictation of when she comes.

14         THE COURT:  So we'll cross that bridge if and when

15   we need to.

16         Anything further from the government?

17         MR. REIDY:  Sorry.  One second, Your Honor.

18         THE COURT:  Sure.

19         MR. REIDY:  Your Honor, is there a possibility we

20   could start on Monday just to make sure we finish that week?

21         THE COURT:  On the 5th?

22         MR. REIDY:  Yes, Your Honor.

23         THE COURT:  Let me see.  Just bear with me one

24   second.  If we started on Monday, would you be done before

25   Friday, or you think you need Friday?

```
1              MR. REIDY:  Your Honor, it depends on how long the

2    defendant's case would be.  It sounds like the defendant is

3    bringing in witnesses.  Our thought would be --

4              THE COURT:  How long do you think your case in chief

5    will be?

6              MR. REIDY:  About three days, Your Honor.

7              THE COURT:  Okay.  I just want to check one thing.

8              THE DEFENDANT:  Your Honor, I forgot an issue.  Is

9    it possible I can keep the investigator in that case?

10             THE COURT:  Mr. Harris, is the investigator -- the

11   investigator is independent of you, or is he tied to your

12   office?

13             MR. HARRIS:  No.  He's a CJA appointment, and we

14   would like that -- Mr. Wayan is his name -- to continue.

15             THE COURT:  That's fine.  That's fine.

16             All right.  So we could start on 12/5, but the

17   morning of 12/6 we need to be dark.  I have another appointment

18   on 12/6.

19             So Mr. Gasca, we'll start earlier then.  We'll start

20   on the 5th.  We'll do all day the 5th, half day the 6th, 7th,

21   8th, hopefully get the trial done before the 9th.

22             THE DEFENDANT:  Your Honor, there were some motions

23   the government was supposed to answer regarding my property.

24   Do we rule on that later or --

25             THE COURT:  We'll rule on the property issue later.
```

1   The other issue that was outstanding was with respect to the

2   protective order and access to the docket.

3            Mr. Harris?

4            MR. HARRIS:  Could I be heard on that, Your Honor?

5   I don't know if I have standing.

6            THE COURT:  Go ahead.  Go ahead.

7            MR. HARRIS:  Part of the problem has been Mr. Gasca

8   needs to see the discovery, and there's a protective order on a

9   lot of it.  The reason for my ex parte to modify the protective

10  order is so I could give Mr. Gasca the discovery that I have.

11  I'd like to hand it to him right now, but I can't do that

12  unless the Court grants the ex parte.

13           With the short time frame, I would ask the Court to

14  consider that ex parte to modify the protective order.  He's

15  his own lawyer now.  He should have the discovery.

16           THE COURT:  Well, yes, he's his own lawyer, but he's

17  getting advisory counsel now, and I think there's a way that we

18  could potentially deal with the issue.  But let me hear from

19  the government.

20           MR. REIDY:  Your Honor, we would object to modifying

21  the protective order.  The Court found good cause for it.  I

22  don't see any reason why the defendant should have access to

23  confidential victim and witness information in his cell.  I

24  think if he requires more time, that's something he could

25  request.

1          THE COURT:  I don't think he's going to ask for more

2    time.  The question is is there a time to quickly get either --

3    well, him and/or advisory counsel access to the information so

4    he can see it without being in possession of it?

5          MR. REIDY:  Your Honor, we produced redacted copies

6    of this information previously before the protective order was

7    entered.  And so I think they could use those materials to

8    prepare for the case.

9          Frankly, I don't see the -- some of the information

10   that was protected was the address where the victim is

11   currently -- the nursing home where she's currently housed,

12   part of her medical records.  So I think that the redacted

13   copies of those documents should be plenty for the defendant to

14   prepare for this case.

15         If there are additional documents that the

16   protective order does provide for a meet-and-confer process,

17   we'd be happy to resolve those as quickly as possible so the

18   defendant has the information that he needs.  But I don't that

19   think there's any bases to modify the protective order so that

20   the defendant can have all of this stuff without supervision

21   from the investigator or advisory counsel.

22         THE DEFENDANT:  May I say something?

23         THE COURT:  Go ahead, sir.

24         THE DEFENDANT:  On the -- when the protective order

25   was asked for, they had a person come down, give a long speech

1    about why I shouldn't have bail.  And then they requested that

2    the defendant have no contact with her.  The judge said, well,

3    why is that?  I mean, that's unusual.  And my public defender

4    vehemently objected.  And he said, oh, she's weak, and she's

5    feeble, and you know, she's under his influence and all kinds

6    of things that were not the case when they granted that

7    protective order.  The judge found good cause.  She was

8    hesitant to do it when she granted it.

9          MR. REIDY:  Your Honor, I think the defendant is

10   conflating two different protective orders.  At the initial

11   appearance in the case, Magistrate Judge Donahue did enter an

12   order basically prohibiting the defendant from contacting the

13   victim in the case which is basically a standard -- it's sort

14   of duplicative of the standard conditions of pretrial release.

15         The defendant was, you know, detained at that time.

16   The Court saw fit to enter that order in making that explicit.

17         And then the protective order that we are discussing

18   here regards the handling of discovery material.  And

19   Your Honor found good cause for that protective order.

20         THE COURT:  So once -- we are going to get advisory

21   counsel appointed.  Once we do that, I'm going to have both

22   sides be informed of that.

23         I need you, the government, to reach out to advisory

24   counsel ASAP to make sure that he has access to this

25   information.

1        If there's an issue, Mr. Gasca, you'll have to let

2   me know before the 6th.  So we'll deal with it that way.

3        Anything further from the government?

4        MR. REIDY:  Your Honor, 9:00 a.m. on Monday?

5        THE COURT:  Yes.

6        MR. REIDY:  Nothing further.  Thank you.

7        THE COURT:  Anything further, Mr. Gasca?

8   Mr. Harris?

9        MR. HARRIS:  No, Your Honor.

10        THE DEFENDANT:  No, Your Honor.

11        THE COURT:  See you all on the 6th.  Have a good

12   Thanksgiving.

13        MR. HARRIS:  Thank you.

14        MR. REIDY:  Thank you.

15        (At 10:30 a.m. the proceedings adjourned.)

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF OFFICIAL REPORTER**

I, MAREA WOOLRICH, FEDERAL OFFICIAL REALTIME
COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY
THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE
THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT
IS IN CONFORMANCE WITH THE REGULATION OF THE JUDICIAL
CONFERENCE OF THE UNITED STATES.


DATED THIS  27TH  DAY OF FEBRUARY, 2024.


/S/ MAREA WOOLRICH

MAREA WOOLRICH, CSR NO. 12698, CCRR
FEDERAL OFFICIAL COURT REPORTER

**UNITED STATES DISTRICT COURT**