1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3    HONORABLE ANDRE BIROTTE, JR., U.S. DISTRICT JUDGE

4   UNITED STATES OF AMERICA,            )
                                         )
5                                        )
                                         )
6                      Plaintiff,        )
                                         )
7                                        )
                                         )
8         Vs.                            )   No. 2:21-CR-351-AB
                                         )
9                                        )
                                         )
10  DAVID RICHARD TSCHERNY,              )
                                         )
11                                       )
                                         )
12                     Defendant.        )
                                         )
13  _____   )

14

15

16    REPORTER'S TRANSCRIPT OF VIDEO CONFERENCE PROCEEDINGS

17                     VIA ZOOM

18               LOS ANGELES, CALIFORNIA

19             TUESDAY, JANUARY 11, 2022

20

21

22           MIRIAM V. BAIRD, CSR 11893
          OFFICIAL U.S. DISTRICT COURT REPORTER
23               350 WEST FIRST STREET
                     FOURTH FLOOR
24          LOS ANGELES, CALIFORNIA 90012
                 MVB11893@AOL.COM
25

1                        **A P P E A R A N C E S**

2

3    **ON BEHALF OF THE PLAINTIFF,**      U.S. DEPARTMENT OF JUSTICE
     **UNITED STATES OF AMERICA:**        U.S. ATTORNEY'S OFFICE
4                                         BY:  KEVIN REIDY
                                          312 NORTH SPRING STREET
5                                         12TH FLOOR
                                          LOS ANGELES, CALIFORNIA 90012
6

7

8

     **ON BEHALF OF THE DEFENDANT,**      LAW OFFICES OF ROBERT M.
9    **DAVID RICHARD TSCHERNY:**          BERNSTEIN
                                          BY:  ROBERT ME. BERNSTEIN
10                                         9595 WILSHIRE BOULEVARD
                                          SUITE 900
11                                        BEVERLY HILLS, CA 90212

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        LOS ANGELES, CALIFORNIA; TUESDAY, JANUARY 11, 2022; 10:29

 2                              A.M.

 3                               ---

 4            THE CLERK:  Calling criminal Case Number 21-351,

 5    United States of America versus David Richard Tscherny.

 6            Counsel, please state your appearance for the

 7    record.

 8            MR. REIDY:  Good morning, Your Honor.

 9            Kevin Reidy on behalf of the United States.

10            THE COURT:  Good morning.

11            MR. BERNSTEIN:  Good morning, Your Honor.

12            Robert Bernstein on behalf of David Tscherny, who

13    is joining us by VTC conference.

14            THE COURT:  Good morning to you both.

15            Mr. Tscherny, I want to confirm with you, are you

16    okay with us proceeding by video conference today?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  All right.  And so it is my

19    understanding that Mr. Tscherny is here today to plead guilty

20    pursuant to a plea agreement, which was filed on

21    December 28th of last year where Mr. Tscherny is going to

22    plead guilty to Count 1 and 2 of the indictment; is that

23    correct, Mr. Bernstein?

24            MR. BERNSTEIN:  Yes, it is, Your Honor.

25            THE COURT:  All right.  Does this proceeding need
```

Timestamps in left margin: 10:29AM (line 5), 10:29AM (line 10), 10:29AM (line 15), 10:29AM (line 20), 10:30AM (line 25)

1  to be sealed?  If there's no request, that's fine.  I wasn't

2  sure.

3          MR. REIDY:  I don't believe so, Your Honor.

4          MR. BERNSTEIN:  We've not requested that it be

10:30AM  5  sealed.  We anticipate the codefendant knowing fully about

6  the cooperation.

7          THE COURT:  All right.  Okay.

8          So, Mr. Tscherny, I'm sure your lawyer has talked

9  to you about this, but before I can accept your guilty plea,

10:30AM  10  I have to make sure that you understand your rights, the

11  nature of this hearing, and so I'm going to ask you a number

12  of questions and inform you of a lot information.  If at any

13  point you don't understand what I'm saying or have any

14  questions about what I'm saying, please let me know, and I'll

10:30AM  15  stop the proceeding and try to address those concerns.  All

16  right, sir?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  I'm going to ask you to please raise

19  your right hand so we can place you under oath.

10:31AM  20          Defendant, sworn.

21          THE DEFENDANT:  Yes.

22          THE COURT:  Now, sir, you can place your right hand

23  down.  You've been placed under oath, sir, so if you answer

24  any of my questions falsely, those answers may be later used

10:31AM  25  against you in another proceeding for perjury or making a

```
 1    false statement.

 2            Do you understand that, sir?

 3            THE DEFENDANT:  Yes, sir.

 4            THE COURT:  Do you understand that you have the

 5    right to remain silent and not answer any of my questions?

 6            THE DEFENDANT:  Yes, sir.

 7            THE COURT:  Do you give up that right in order to

 8    plead guilty today?

 9            THE DEFENDANT:  Yes, sir.

10            THE COURT:  Mr. Bernstein, do you join?

11            MR. BERNSTEIN:  I join.

12            THE COURT:  Mr. Tscherny, tell me what is your true

13    and correct full name.

14            THE DEFENDANT:  David Richard Tscherny.

15            THE COURT:  How old are you, sir?

16            THE DEFENDANT:  I'll be 51 next week.

17            THE COURT:  How many years of school have you

18    completed?

19            THE DEFENDANT:  Some college.  A lot of trade

20    schools and a lot of military occupational training.

21            THE COURT:  Have you been treated recently for any

22    mental illness or addiction to narcotics of any kind?

23            THE DEFENDANT:  No narcotics addiction.  I do speak

24    with a mental health professional from the V.A.

25            MR. BERNSTEIN:  Your Honor, to clarify, Mr.
```

Timestamps in left margin: 10:31AM (line 5), 10:31AM (line 10), 10:32AM (line 15), 10:32AM (line 20), 10:32AM (line 25)

```
 1    Tscherny is a disabled vet who is suffering from PTSD.  He

 2    does receive treatment for that.  We do not believe it

 3    affects his ability to understand this proceeding.

 4         THE COURT:  Thank you.  Got it.  Thank you for your

 5    service, Mr. Tscherny.

 6         THE DEFENDANT:  Thank you, sir.

 7         THE COURT:  Let me ask you, are you under the

 8    influence of any drugs, medication, or alcoholic beverage of

 9    any kind?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Do you take any medication as a part of

12    your mental health treatment at the V.A.?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  What -- if you don't mind me asking,

15    what types of medication are you taking?

16         THE DEFENDANT:  Anti-anxiety medication.

17         THE COURT:  Okay.  Is there anything -- have you

18    had any of that -- have you had that anti-anxiety medication

19    in the last three days.

20         THE DEFENDANT:  No, sir, thank God.

21         THE COURT:  Is there anything about that medication

22    that would impact your ability to understand what is

23    happening here today?

24         THE DEFENDANT:  Not at all, sir.

25         THE COURT:  And do you suffer from any mental
```

1    condition or disability that would prevent you from

2    understanding what is happening here today and the

3    consequences to you of this plea?

4            THE DEFENDANT:  No, sir.  Not mental, no.

10:34AM    5            THE COURT:  Mr. Bernstein, have you talked to Mr.

6    Tscherny about these proceedings today?

7            THE DEFENDANT:  I have at length, Your Honor.

8            THE COURT:  I'm sorry?

9            MR. BERNSTEIN:  I have so, Your Honor.

10:34AM    10            THE COURT:  All right.  Do you have any reason to

11    believe that Mr. Tscherny should not go forward today?

12            MR. BERNSTEIN:  I do not, Your Honor.

13            THE COURT:  Do you believe that Mr. Tscherny is in

14    possession of his faculties and is competent to proceed?

10:34AM    15            MR. BERNSTEIN:  I do, Your Honor.

16            THE COURT:  So based on the statements of Mr.

17    Tscherny and Mr. Bernstein, and I my own observations, I do

18    find that Mr. Tscherny is in full possession of his faculties

19    and is competent to proceed.

10:34AM    20            Mr. Tscherny, have you received a copy of the

21    indictment; that's the written paper that spells out the

22    charges against you?

23            THE DEFENDANT:  Yes, sir, I have.

24            THE COURT:  Now, you have the right to have me read

10:34AM    25    the indictment from beginning to end here in open court.

```
 1    Would you like me to read it to you at this time?
 2              THE DEFENDANT:  No, sir.
 3              THE COURT:  Now, sir, you have the following
 4    constitutional rights that you will be giving up by pleading
 5    guilty:
 6              You have the right to plead not guilty, obviously,
 7    and persist in that plea.  You have a right to a speedy and
 8    public trial.  You have a right to a trial by jury.  At that
 9    trial, you would be presumed innocent.  It would be up to the
10    government to prove each and every element of the offense to
11    a jury beyond a reasonable doubt.
12              If you and the government were to agree, you could
13    have a trial, what we call a bench trial, where the evidence
14    would be presented to the Court -- to me, in this instance,
15    and I would decide whether or not the government has proved
16    its case beyond a reasonable doubt.
17              You have the right to have the assistance of a
18    lawyer even if you don't plead guilty today.  If you couldn't
19    afford a lawyer, one would be appointed for you at no charge
20    to you.  At a trial, you would have the right to see and hear
21    the witnesses testify against you and have them questioned by
22    your lawyer.  You could have witnesses subpoenaed to come
23    testify on your behalf and you could testify on your own
24    behalf if you wish.
25              You also have what is known as the privilege
```

1    against self-incrimination, which means you have the absolute

2    right not to testify or incriminate yourself in any way.  If

3    you went to trial and decided not to testify, the fact that

4    you did not testify could not be used against you.

10:36AM    5        Now, your -- you're here today to enter a guilty

6    plea.  You need to understand by entering that plea, you will

7    be incriminating yourself.  Lastly, you have a right to

8    appeal your conviction and your sentence if you went to trial

9    and were convicted.

10:36AM   10        Have you talked to your lawyer about all these

11   rights?

12        THE DEFENDANT:  Extensively.

13        THE COURT:  And do you understand all of those

14   rights?

10:36AM   15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  Do you have any questions of me about

17   any of those rights, sir?

18        THE DEFENDANT:  No, sir.

19        THE COURT:  Do you need any more time to talk to

10:37AM   20   your lawyer about those rights, sir?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  If I accept your plea this morning,

23   you're going to be incriminating yourself and you will have

24   waived or given up your right to a trial and all of the other

10:37AM   25   rights that I just described.

1          Do you understand that, sir?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Do you give up those rights?

4          THE DEFENDANT:  I do.

10:37AM  5          THE COURT:  Mr. Bernstein, are you satisfied that

6  the waivers are knowingly, voluntarily, and intelligently

7  made?

8          MR. BERNSTEIN:  Yes, Your Honor.

9          THE COURT:  Do you join and concur in the waivers?

10:37AM 10          MR. BERNSTEIN:  I do so join.

11          THE COURT:  Mr. Tscherny, you are pleading guilty

12  and you are charged in this indictment with kidnapping in

13  violation of Title 18 United States Code Section 1201(a)(1),

14  (a)(2); 7(3); 2(a); and interference with commerce by

10:38AM 15  extortion in violation of Title 18 United States Code

16  Section 1951(a); 2(a).  Those are both felonies.  I'm going

17  to ask you to listen carefully because the government is

18  going to outline what the elements of the offense are, as

19  well as the maximum penalties that apply for these offenses.

10:38AM 20  So please listen carefully.

21          Mr. Reidy?

22          MR. REIDY:  Yes, Your Honor.  In order for

23  defendant to be guilty of the crime charged in Count 1, that

24  is, kidnapping in violation of Title 18 United States Code

10:38AM 25  Sections 1201(a)(1), (a)(2); 7(3); 2(a), the following must

1     be true:

2              One, defendant seized, confined, inveigled,

3     kidnapped, abducted, or carried away the victim.

4              Two, defendant held the victim against his or her

5     will.  Three, defendant used any means or instrumentality of

6     interstate commerce in committing or in furtherance of the

7     offense or the seizure, confinement, inveigling, kidnapping,

8     abduction, or carrying away of the victim occurred within the

9     special territorial and maritime jurisdiction of the

10    United States.

11             Further, in order for defendant to be guilty of the

12    crime charged in Count 2, that is, interference with commerce

13    by extortion in violation of Title 18 United States Code

14    Sections 1951(a) and 2(a), the following must be true:

15             Defendant induced or intended to induce the victim

16    to part with property by the use -- by the wrongful use of

17    actual or threatened force, violence, or fear.  Defendant

18    obtained the property with the victims' consent.  Defendant

19    acted with the intent to obtain the property and commerce

20    from one state to another was affected in some way.

21             Moreover, in order for defendant to be found guilty

22    of kidnapping or interference with commerce by extortion

23    based on an aiding and abetting theory, the following must be

24    true:

25             One, someone else committed the crimes of

1    kidnapping or interference with commerce by extortion.

2            Two, defendant aided, counseled, commanded,

3    induced, or procured that person with respect to at least one

4    element of kidnapping or interference with commerce by

10:40AM   5    extortion.

6            Three, defendant acted with the intent to

7    facilitate kidnapping or interference with commerce by

8    extortion.

9            Four, defendant acted before the crime was

10:40AM  10    completed.

11            Moving on to the maximum penalties.  The statutory

12    maximum sentence that the Court can impose for a violation of

13    Title 18 United States Code Sections 1201(a)(1), (a)(2);

14    7(3); 2(a) is life imprisonment, a five-year of supervised

10:40AM  15    release, a fine of $250,000 or twice the gross gain or gross

16    loss resulting from the offense, whichever is is greatest,

17    and a mandatory special assessment of $100.

18            Further, the statutory maximum sentence that the

19    Court can impose for a violation of Title 18 United States

10:41AM  20    Code sections 1951 (a) and 2(a) is 20 years' imprisonment, a

21    three-year period of supervised release, a fine of $250,000

22    or twice the gross gain or gross loss resulting from the

23    offense, whichever is greatest, and a mandatory special

24    assessment of $100.

10:41AM  25            Therefore, the total maximum sentence for all

1    offenses to which defendant is pleading guilty is life

2    imprisonment, a five-year period of supervised release, a

3    fine of $500,000, and a mandatory special assessment of $200.

4            THE COURT:  All right.  Thank you.

10:41AM    5            Mr. Tscherny, that was a lot of information just

6    stated now.  My question to you is, did you go over the

7    elements of the offense and the maximum penalties with your

8    lawyer before today?

9            THE DEFENDANT:  Yes, sir, we have.

10:42AM    10            THE COURT:  Do you have any questions about the

11    penalties or the elements of the offense?

12            THE DEFENDANT:  No, sir.

13            THE COURT:  Now, sir, you may be subject to

14    supervised release for a number of years if you are sentenced

10:42AM    15    to prison.  Have you discussed with your lawyer and do you

16    understand the concept of supervised release?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Now, if you are sent to prison and

19    placed on supervised release, if you violate one or more of

10:42AM    20    the terms of that supervised release, I could send you back

21    to prison for all or part of the term of that supervised

22    release.

23            Do you understand that, sir?

24            THE DEFENDANT:  Yes, sir.

10:42AM    25            THE COURT:  If that were to happen, it could result

1    in your serving a total term of imprisonment that is greater

2    than the statutory maximum in this case.

3                Do you understand that?

4                THE DEFENDANT:  Yes, sir.

10:43AM    5                THE COURT:  If you are presently on parole,

6    probation, or supervised release on another case, the plea

7    today could be the basis for violation or revocation of that

8    parole, probation, or supervised release, and as a result,

9    you could be sent to prison on that other case.

10:43AM   10                Do you understand that?

11                THE DEFENDANT:  I understand.

12                THE COURT:  If you are not a citizen of the United

13    States, this plea and conviction may cause you to be deported

14    or removed from the United States.  It may result in the

10:43AM   15    denial of naturalization or citizenship, amnesty, residency

16    status, and admission to the United States in the future.

17                You understand that, sir?

18                THE DEFENDANT:  Yes, sir.

19                THE COURT:  These are felony offenses, sir.  By

10:44AM   20    pleading guilty to felonies, it may deprive you of certain

21    valuable civil rights, such as the right to vote, the right

22    to hold a public office, and the right to serve on a jury, as

23    well as the right to possess a firearm of any kind.

24                Do you understand that, sir?

10:44AM   25                THE DEFENDANT:  Yes.

1          THE COURT:  Mr. Reidy, I don't think there was an

2     issue about restitution in the plea agreement.  I just want

3     to confirm that.

4          MR. REIDY:  Your Honor, there is a requirement of

10:44AM  5     restitution for $1,000.

6          THE COURT:  Oh, okay.  Under the victims

7     restitution act?

8          MR. REIDY:  Yes, Your Honor.

9          THE COURT:  So then, Mr. Tscherny, you understand

10:44AM  10    that under the mandatory Victim Assessment Act, there is a

11    requirement that you pay restitution in the amount of $1,000.

12         Do you understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  What about forfeiture, Mr. Reidy?  Was

10:44AM  15    there any forfeiture in this plea agreement?

16         MR. REIDY:  No, Your Honor.

17         THE COURT:  Mr. Tscherny, have you understood

18    everything that we've discussed thus far?

19         THE DEFENDANT:  Yes, sir.

10:45AM  20         THE COURT:  Now, you're going to be sentenced under

21    what is known as the Sentencing Reform Act of 1984.  The

22    United States Sentencing Commission in Washington D.C. has

23    issued guidelines that judges must consult and take into

24    account, but are not required to follow in determining the

10:45AM  25    sentence in a criminal case.

UNITED STATES DISTRICT COURT

1    In looking -- in determining your sentence, I'm

2    going to be required to calculate the guideline range and

3    consider any aggravating or mitigating circumstances and

4    other sentencing factors under Title 18 United States Code

10:45AM  5    Section 3553(a).

6    Have you and Mr. Bernstein talked about the

7    guidelines and how they might be applied in this case?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  Now, sir, I have to be candid with you,

10:45AM  10   regardless of what the guideline calculation is, I could

11   sentence you up to the maximum that is allowed by law.

12   Do you understand that?

13   THE DEFENDANT:  Yes, sir.

14   THE COURT:  Okay.  Now, once the probation office

10:46AM  15   prepares a presentence report that contains the guideline

16   calculation, you and your lawyer will have a chance to review

17   that report and file any objections or concerns that you have

18   with the report and so will the government, and both sides

19   will submit documents to the Court indicating what you all

10:46AM  20   think the sentence should be.

21   Now, the sentence that I impose, it could be higher

22   or lower than any recommendation that any side gives to the

23   Court.

24   Do you understand that?

10:46AM  25   THE DEFENDANT:  Yes, sir.

1          THE COURT:  The fact that you may be disappointed

2     with your sentence, that alone would not be a basis for you

3     to say time out; I want to start all over and have a trial.

4          Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Mr. Tscherny, other than what is in

7     this plea agreement, has anyone made any promises,

8     representations, or guarantees of any kind in order to get

9     you to plead guilty today?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Has anyone told you that this Court

12    would impose a specific sentence if you plead guilty today?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Has anyone attempted in any way to

15    threaten you, a family member, or anyone close to you in

16    order to force you to plead guilty today?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  All right.

19         Are you pleading guilty voluntarily and of your own

20    free will?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  I believe that there's a mutual waiver

23    of appeal in the case; is that correct, Mr. Reidy?

24         MR. REIDY:  There is, Your Honor.

25         THE COURT:  All right.  Mr. Tscherny, I'm going to

1    ask you to listen carefully, because the government is going

2    to outline part of the plea agreement that you all have

3    agreed to with respect to your appeal rights.

4            Mr. Reidy.

10:48AM    5            MR. REIDY:  Yes, Your Honor.  With the exception of

6    an appeal based on a claim that defendant's guilty pleas were

7    involuntarily, by pleading guilty, defendant is waiving and

8    giving up any rights to appeal defendant's convictions on the

9    offenses to which defendant is pleading guilty.

10:48AM    10            This waiver includes but is not limited to

11    arguments that the statutes to which defendant is pleading

12    guilty are unconstitutional, and any and all claims that the

13    statement of facts provided herein is insufficient to support

14    defendant's pleas of guilty.

10:48AM    15            Defendant also gives up any right to bring a

16    post-conviction collateral attack on the convictions or

17    sentence, including any order of restitution except a

18    post-conviction collateral attack based on a claim of

19    ineffective assistance of counsel, a claim of newly

10:48AM    20    discovered evidence, or an explicitly retroactive change in

21    the applicable Sentencing Guidelines, sentencing statuses, or

22    statutes status of conviction.  This waiver includes but is

23    not limited to argument that the statutes to which defendant

24    is pleading guilty are unconstitutional and any and all

10:48AM    25    claims that the statement of facts provided herein is

1    insufficient to support defendant's pleas of guilty.

2         Furthermore, provided the Court imposes a total

3    term of imprisonment on all counts of conviction of no more

4    than 78 months, defendant gives up the right to appeal all of

10:49AM   5    the following:

6         A, the procedures and calculations used to

7    determine and impose any portion of the sentence;

8         B, the term of imprisonment imposed by the Court;

9         C, the fine imposed by the Court provided it is

10:49AM   10   within the statutory maximum;

11        D, to the extent permitted by law, the

12   constitutionality or legality of defendant's sentence

13   provided it is within the statutory maximum;

14        E, the amount and terms of any restitution order

10:49AM   15   provided it requires payment of no more than $1,000;

16        F, the term of probation or supervised release

17   imposed by the Court provided it is within the statutory

18   maximum;

19        G, any of the conditions of probation or supervised

10:49AM   20   release imposed by the Court.

21             THE COURT:  Sorry, go ahead.

22             MR. REIDY:  Sorry, Your Honor.  I didn't know if

23   you wanted me to read the U.S. Attorney's Office's waivers as

24   well?

10:50AM   25             THE COURT:  No.  I'm more focused on Mr. Tscherny's

1    waiver.

2              MR. REIDY:  Yes, Your Honor.

3              THE COURT:  Mr. Tscherny, did you understand

4    everything the prosecutor just said?

10:50AM  5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Did you discuss giving up all of those

7    rights with Mr. Bernstein?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  So the Court will accept the plea

10:50AM  10   agreement based on that understanding.

11             Mr. Bernstein, did you review the facts of the case

12   and all of the discovery provided by the government with Mr.

13   Tscherny?

14             MR. BERNSTEIN:  Yes, I did, Your Honor.

10:50AM  15             THE COURT:  Did you pursue with him any potential

16   defenses he might have to the charges?

17             MR. BERNSTEIN:  I did, Your Honor.

18             THE COURT:  Have you advised Mr. Tscherny

19   concerning the legality or admissibility of any statements or

10:50AM  20   confessions or other evidence that the government has against

21   him?

22             MR. BERNSTEIN:  Yes, I have, Your Honor.

23             THE COURT:  To the best of your knowledge, is Mr.

24   Tscherny pleading guilty because of any illegally obtained

10:50AM  25   evidence in the possession of the government?

```
 1              MR. BERNSTEIN:  No, Your Honor.

 2              THE COURT:  Did you and Mr. Tscherny agree that it

 3      was in his best interest to enter into this plea?

 4              MR. BERNSTEIN:  Yes, Your Honor.

10:51AM    5              THE COURT:  Have there been any promises,

 6      representations, or guarantees made either to you or to Mr.

 7      Tscherny other than what is in the plea agreement?

 8              MR. BERNSTEIN:  No, Your Honor.

 9              THE COURT:  Other than a general discussion of the

10:51AM   10      guidelines and other sentencing considerations, have you

11      given any indication to Mr. Tscherny of a specific sentence

12      that the Court would impose or conveyed to him a promise of a

13      particular sentence or sentence range in the event that I

14      accept the plea?

10:51AM   15              MR. BERNSTEIN:  I have not, Your Honor.

16              THE COURT:  Do you join in the waiver of jury trial

17      and concur in the plea?

18              MR. BERNSTEIN:  I do, Your Honor.

19              THE COURT:  Mr. Reidy, other than what is in the

10:51AM   20      plea agreement, has the government made any promises,

21      representations, or guarantees to either Mr. Tscherny or Mr.

22      Bernstein?

23              MR. REIDY:  No, Your Honor.

24              THE COURT:  Does the government waive jury trial?

10:52AM   25              MR. REIDY:  Yes, Your Honor.
```

1        THE COURT:  Back to you, Mr. Tscherny, are you

2   satisfied with the work that your lawyer has done for you on

3   the case?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Have you told him everything you know

6   about the case?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Do you believe that your lawyer has

9   fully advised you concerning this case?

10       THE DEFENDANT:  Yes, sir.

11       THE COURT:  Have you had enough time to talk with

12  him about the case?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  Now, sir, do you understand that if I

15  accept your plea, all that will be left in this case will be

16  your sentencing, which could include prison time.

17       Do you understand that?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  Having in mind everything that we have

20  talked about thus far this morning, your rights, the maximum

21  penalties, the waiver of appeal, do you still want to plead

22  guilty, sir?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  I'm going to ask you to listen

25  carefully, because the prosecutor is going to state the facts

| | |
|---|---|
| 1 | that it believes it would be able to prove if this case went |
| 2 | to trial.  Then I'm going to ask you some questions about |
| 3 | that. |
| 4 | Mr. Reidy. |
| 10:53AM 5 | MR. REIDY:  Yes, Your Honor. |
| 6 | If this case were to proceed to trial, the |
| 7 | government would be prepared to the following facts beyond a |
| 8 | reasonable doubt: |
| 9 | On or about July 19, 2021, in Los Angeles and |
| 10:53AM 10 | Orange Counties within the Central District of California, |
| 11 | and at the West Los Angeles Veterans Administration Medical |
| 12 | Center, a place within the special maritime and territorial |
| 13 | jurisdiction of United States, the defendant and his |
| 14 | co-defendant, Johnny Ray Gasca, each aiding and abetting the |
| 10:53AM 15 | other, did knowingly, willfully, and unlawfully seize, |
| 16 | confine, inveigle, kidnap, abduct, and carry away victim |
| 17 | E.C., and held victim E.C. for any reason.  Defendant and |
| 18 | Gasca also used a means, facility, and instrumentality of |
| 19 | interstate and foreign commerce, namely, defendant's gold |
| 10:53AM 20 | Ford F150 truck in committing and in furtherance of the |
| 21 | kidnapping. |
| 22 | Further, on or about July 19, 2021, in Los Angeles |
| 23 | and Orange Counties within the Central District of |
| 24 | California, and elsewhere, defendant and co-defendant Gasca, |
| 10:54AM 25 | each aiding and abetting the other, obstructed, delayed, and |

affected interstate commerce by knowingly and willingly

committing extortion, and that defendant and co-defendant

Gasca obtained property consisting of approximately

$17,504.80 from victim's E.C.'s JPMorgan Chase, NA checking

account, and with victim E.C's consent induced by the

wrongful use of actual and threatened force, violence, and

fear to victim E.C.

Specifically, on or about July 19, 2021, defendant

drove co-defendant Gasca to the West L.A. V.A. and waited for

E.C. in the parking lot.  After E.C. began walking through

the West L.A. V.A. parking lot, co-defendant Gasca got out of

the defendant's gold Ford F150 truck and walked over toward

E.C.  Co-Defendant Gasca then pushed E.C. toward another part

of the parking lot where defendant had pulled up in his gold

Ford F150 truck.  Once Gasca and E.C. got to the truck, Gasca

opened the rear passenger door, picked E.C. up, and threw her

in the rear passenger seat.  Gasca then got in the front

passenger seat of the gold Ford F150, and defendant drove

away.

After co-defendant Gasca told defendant that he

needed to get money from Chase, defendant drove Gasca and

E.C. to a JPMorgan Chase Bank branch in Los Alamitos,

California and waited in the truck while Gasca and E.C. went

inside.  Some minutes later, Gasca and E.C. returned to the

truck and Gasca told defendant to drive them to a Social

1    Security Administration Office to obtain identification

2    documents for E.C.

3           Defendant then drove Gasca and E.C. to the Social

4    Security Administration Office and after E.C. had obtained

10:55AM   5    the necessary documents, back to the Los Alamitos Chase.

6    Gasca and E.C. then went back into the Los Alamitos Chase,

7    closed E.C.'s account, and withdrew $17,504.80 from the

8    closed account.  Upon returning to the gold Ford F150 with

9    victim E.C., Gasca paid defendant $1,000 in cash.  Defendant

10:56AM   10   then drove Gasca and E.C. to John Wayne International Airport

11   in Santa Ana, California, and after Gasca failed to find

12   suitable flights to New York, to Los Angeles International

13   Airport.

14          THE COURT:  Mr. Tscherny, again, that was a lot of

10:56AM   15   information said just then.

16          Did you understand everything that the prosecutor

17   said?

18          THE DEFENDANT:  Yes, sir, I did.

19          THE COURT:  And is everything that the prosecutors

10:56AM   20   said about you and your conduct, is that all true and

21   correct?  Mr. Tscherny?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Are you pleading guilty because you did

24   the things charged in Count 1 and 2 of the indictment?

10:57AM   25          THE DEFENDANT:  Yes.

1          THE COURT:  Are you pleading guilty because you

2    are, in fact, guilty, sir?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Is the government satisfied with the

10:57AM   5    factual basis?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  All right.  Do counsel agree that the

8    Court has complied with the requirements of Rule 11?

9          Mr. Reidy?

10:57AM   10    MR. REIDY:  Yes, Your Honor.

11          THE COURT:  Mr. Bernstein?

12          MR. BERNSTEIN:  Yes, Your Honor.

13          THE COURT:  Back to you, Mr. Tscherny, case

14    CR21-351, how do you plead to Counts 1 and 2 of the

10:57AM   15    indictment, sir?

16          THE DEFENDANT:  Guilty, sir.

17          THE COURT:  All right.  So, sir, I'm going to make

18    some more findings.  If you don't understand what I'm saying,

19    please let me know.

10:57AM   20          In the case of the United States versus David

21    Richard Tscherny, the Court having questioned Mr. Tscherny

22    and his counsel on the offer to plead guilty to Counts 1 and

23    2 of the indictment, both of which are felonies, Mr. Tscherny

24    and his counsel having advised the Court that they have

10:58AM   25    conferred concerning the offered pleas of guilty and all

UNITED STATES DISTRICT COURT

1    aspects of the charges against Mr. Tscherny and any defenses

2    he may have, and the Court having observed Mr. Tscherny's

3    intelligence, his demeanor, and his attitude while answering

4    questions, and the Court having observed that Mr. Tscherny

10:58AM    5    does not appear to be under the influence of any medicine,

6    drug, or other substance or factor that might affect his

7    actions or judgment in any manner.

8        So I find he's fully competent and capable of

9    entering an informed plea.  He's aware of the nature of the

10:58AM    10    charges and the consequences to him of the plea.  I find that

11    the plea is knowingly, voluntarily, and intelligently made

12    with a full understanding of the charges, the consequences to

13    him of the plea, and his constitutional rights.

14        I find that plea is further supported by an

10:58AM    15    independent factual basis containing each of the essential

16    elements of the offense -- of both offenses.  So I'll accept

17    the plea and order that the plea be entered.

18        Mr. Tscherny, I think I mentioned to you earlier

19    that the written presentence report is going to get prepared

10:59AM    20    in this case.  You're going to be asked to provide

21    information for that report.  Your lawyer may be present with

22    you if you wish.  You will both have a chance to read the

23    report and file any objections and so will the government.

24        So I'm going to refer the matter over to the

10:59AM    25    probation office for presentence report.  My proposed date

1    for sentencing is April the 8th, 2022 at 1:30 p.m.

2            Does that date and time work for counsel?

3            Mr. Bernstein?

4            MR. BERNSTEIN:  Your Honor, my only concern is as

10:59AM  5    of now, with the suspension of jury trials, number one, I

6    don't know what my trial schedule will be in April.

7    Secondarily, this is a plea agreement and a cooperation

8    agreement.  It is anticipated that Mr. Tscherny will be

9    testifying against Mr. Gasca.  We don't know when his trial

10:59AM  10   will proceed either.

11           So I was going to ask for a later date to make sure

12   this can all be accomplished.

13           THE COURT:  So let's see if I can get a date in the

14   summertime then.

11:00AM  15           MR. BERNSTEIN:  Yes.  That would be more

16   appropriate.

17           THE COURT:  Obviously, if we need to continue it,

18   the parties can file a stipulation to continue.  Just bear

19   with me.  How about July 22nd of this year?  Does that date

11:00AM  20   work better?

21           MR. BERNSTEIN:  That's fine for the defense,

22   Your Honor.

23           THE COURT:  Mr. Reidy?

24           MR. REIDY:  That's fine for the government, Your

11:00AM  25   Honor.  Thank you.

1          THE COURT:  The sentencing will be July 22nd

2    1:30 p.m.  We're going to vacate the jury trial date as it

3    relates to Mr. Tscherny only.

4          Mr. Tscherny, you're to remain -- you're on bond.

11:01AM    5    All of the same terms and conditions that you previously have

6    will still apply.

7          Anything further from the government?

8          MR. REIDY:  No, Your Honor.  Thank you.

9          THE COURT:  Mr. Bernstein, anything further?

11:01AM   10          MR. BERNSTEIN:  Nothing further, Your Honor.

11          THE COURT:  Well, thank you all.  Stay safe.

12          Mr. Tscherny, have a good birthday next week, but

13    don't do anything silly.

14          THE DEFENDANT:  No, sir.  Thank you for your time.

11:01AM   15          THE COURT:  Thank you.

16          (Proceedings concluded at 11:01 a.m.)

17                        CERTIFICATE

18    I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

19    TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN

20    THE ABOVE MATTER.

21    FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

22    REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

23    REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

24

25    /s/ Miriam V. Baird              03/06/2024

1   MIRIAM V. BAIRD                    DATE
    OFFICIAL REPORTER

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25