```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                        WESTERN DIVISION

 4                            -oOo-

 5    HONORABLE ANDRE BIROTTE JR., UNITED STATES DISTRICT JUDGE

 6

 7

 8  UNITED STATES OF AMERICA,

 9                 Plaintiff,

10      v.                              No. 2:21-cr-00351-AB-1

11  JOHNNY RAY GASCA,

12                 Defendant.

13

14

15

16             REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                    LOS ANGELES, CALIFORNIA

18                        MAY 30, 2023

19

20  _____

21            SUZANNE M. McKENNON, CRR, RMR
              UNITED STATES COURT REPORTER
22
                 UNITED STATES COURTHOUSE
23             350 W 1st STREET, ROOM 3411
               LOS ANGELES, CALIFORNIA 90012
24                    (213) 894-3913
                  suzanne@ears2hands.com
25
```

```
 1   APPEARANCES:

 2

 3   On Behalf of the Government:

 4       KEVIN B. REIDY, Assistant United States Attorney
         KATHY YU, Assistant United States Attorney
 5           United States Attorney's Office
             General Crimes Section
 6           312 N Spring Street, Suite 1100
             Los Angeles, California 90012
 7

 8

 9   On Behalf of the Defendant as Advisory Counsel:

10       MARK A. CHAMBERS, Attorney at Law
             Law Office of Mark A. Chambers
11           14241 East Firestone Boulevard, Suite 150
             La Mirada, California 90638
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1         (Proceedings commenced on May 30, 2023, at 2:25 p.m.)
2             THE COURTROOM DEPUTY:  Calling Criminal Case 21-351,
3    United States of America versus Johnny Ray Gasca.
4         Counsel, please step forward and state your appearances.
5             MR. REIDY:  Good afternoon, Your Honor.  Kevin Reidy
6    and Kathy Yu on behalf of the United States.
7             THE COURT:  Good afternoon.
8             MR. CHAMBERS:  Good afternoon, Your Honor.  Mark
9    Chambers on behalf of Mr. Gasca, who is present before the
10   Court.
11            THE COURT:  Good afternoon to you both.
12        Okay.  So where do we stand, Mr. Gasca?  Have you had a
13   chance to look at the disk?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  Okay.  So where do we stand at this
16   point?
17            THE DEFENDANT:  Well, I don't want to delay my trial,
18   and I appreciate you, and I thank you for getting me the disk.
19   It has most of the information.  I am missing some of the
20   information, but it is not worth postponing my trial or
21   pursuing it.  Because at this time, even if I could get it,
22   it's going to take another month or so.  So I just want to go
23   forward with the trial.
24        I do want to thank you again for diligently pursuing that
25   issue.  What I would like to say about it is that issue became

1  more complicated than necessary because Mr. Chambers stood up
2  in this court and said --
3         THE COURT: Mr. Gasca, I don't want to revisit all of
4  this. I want to be focused on getting this trial going. That
5  is something that you have indicated that you want. I want to
6  get us to the point of having a trial, whether it's next week
7  or the week thereafter. So I just want to make sure you
8  have -- you say you have most of the information. You said
9  some is missing but not worth fighting about, so you want to go
10 forward with the trial, which is next week.
11     Is that what you are telling me?
12        THE DEFENDANT: Yes, Your Honor.
13        THE COURT: Okay. So have you had a chance to speak
14 with your expert?
15        THE DEFENDANT: I don't have an expert. You mean my
16 investigator?
17        THE COURT: No, no, no. I thought there was a
18 request -- I'm drawing a blank on the last name. Dr. Nair?
19        THE DEFENDANT: Oh, yeah. Medical expert. He's
20 coming to see me soon.
21        THE COURT: Okay. All right. So that is all taken
22 care of. And you have your investigator. So you are prepared
23 to proceed to trial next week.
24     You had also mentioned, though, that you -- are you filing
25 any motions in advance of the trial, or we're just going to

```
1   deal with them on the day of trial, or what are we doing?
2           THE DEFENDANT:  I would like to get them to the Court
3   as soon as possible, but I need the assistance of an attorney.
4           THE COURT:  I'm not sure why you need the assistance
5   of an attorney.  I want to just be clear.  We've done this
6   before.  I told you my thoughts about you representing
7   yourself.  You made that choice; that's fine.  But if you
8   represent yourself, file a motion.  I get motions from people
9   in custody all the time.  So I am not sure why you need the
10  assistance of a lawyer to file the motion.
11          THE DEFENDANT:  Well, as Your Honor gracefully said,
12  I would get the evidence, and then you would deal with the
13  hearsay issue.  So I want to present that issue, but that
14  hearsay issue seems to be complex.  I don't know the
15  complexities of that law.  I never pretended to know the law.
16  I know my case.  I know my defense that I'm going to put on,
17  but that issue of getting some of this evidence to Your Honor,
18  that is a complex issue.  I need the help of a lawyer to do
19  that.
20          THE COURT:  But, again, you got advisory Counsel that
21  is available, if you want to talk with him about it, but you
22  are representing yourself.
23          THE DEFENDANT:  Yes.
24          THE COURT:  You can't represent yourself and have a
25  lawyer file motions for you.
```

1    THE DEFENDANT: I don't need him to file, but I need
2 him to just help me assemble them and case law. I attempted to
3 do it at MDC. It's not impossible. Again, it is something
4 that would take a month to do.
5    THE COURT: Do you need more time, then?
6    THE DEFENDANT: No. I can't afford to do more time.
7 From what I understand, my girlfriend is declining, as it is.
8 I don't have anymore time. I have to go to trial now.
9    THE COURT: Well, look, if you need more time --
10 because, look, I cannot give you a lawyer to help you file
11 motions.
12    THE DEFENDANT: I don't want -- I just want a lawyer
13 that I -- as you respect -- I need a lawyer that I can bounce
14 some things off the law, bounce some -- bounce and get some
15 proper answers. I don't want to go over the issue again, but
16 I'm not able to do it with this lawyer.
17    THE COURT: Okay.
18    THE DEFENDANT: And time has been wasted because I
19 spent two months fighting over that phone, and I still don't
20 know if I want to pursue that evidence. Do I accuse the
21 government that they didn't give me some of the gigs I'm
22 missing? Or do I accuse the attorney? Because it doesn't seem
23 like the expert is at fault.
24    When I read the letter, the correspondence, the
25 information that the expert was given, he was given test to do

1  that I didn't ask him to do; the Court didn't ask him to do.
2  So it was wasted effort.
3       And then most importantly was that Mr. Chambers said to
4  me, Your Honor, he's given a carbon copy of what the government
5  produced.  And I said 28 gigs cannot be a carbon copy.  And now
6  I'm given 195 gigs.  That is a big difference from 28.  But how
7  can he tell me, "Well, that was a carbon copy, too"?
8       That was a mistake.  The correct answer would have been,
9  "Your Honor, an error was made."  But, no, he attempted to read
10 another letter explaining the difference.  And I've gone
11 through the stuff.  There is no double files in there.  There's
12 nothing that would be any great difference of why it was 28 --
13          THE COURT:  Let me stop you there.  Look, you made a
14 decision that you want to represent yourself.
15          THE DEFENDANT:  Yes.
16          THE COURT:  There are limitations that come with it.
17 I told you I think it's a mistake.  You want to do it, that's
18 fine.  That's your right.  So we got to focus on the lecture at
19 hand here.
20          THE DEFENDANT:  Yes.
21          THE COURT:  Are we going to move forward?  Do you
22 need more time?  How are we going to -- what do you want to do
23 at this point?
24          THE DEFENDANT:  I need to go forward.  That is
25 already a decided issue.

```
1              THE COURT:  Okay.
2              THE DEFENDANT:  Within the week that I have, I have
3    the expert coming.  So I have everything that I need.  I just
4    need an attorney that I can work with.  That's all I need.  I
5    cannot work with this attorney.
6              THE COURT:  Okay.  Sir, look we've had that issue
7    before, and I am not going to assign another attorney on this
8    case --
9              THE DEFENDANT:  Okay.
10             THE COURT:  -- at this point.
11             THE DEFENDANT:  So that's it, Your Honor.
12             THE COURT:  All right.  So then, we're going to go to
13   trial starting next week.  Let me just make sure, look at the
14   calendar to give the schedule.
15        Yes.
16             THE DEFENDANT:  One thing, Your Honor.  I'm sorry to
17   bother you with this pettiness, because this is really between
18   me and my attorney, but I have a document that I gave to him
19   because I needed to provide to him Minutes of the Court, proof
20   that I had a previous bail hearing, and I did that.  But that
21   was -- in the back of that was a novel that I wrote, and I've
22   asked him for it four times.  And on the fifth time, I left a
23   message for him.  He clearly knows I want it back.  And he's
24   looking like he didn't hear me.
25        So if you could just please order him to give that back to
```

```
1   me, and I'll have nothing to do with him after that.
2              THE COURT:  On the back of a document is a novel?
3              THE DEFENDANT:  If I write anything, they can take it
4   from me at MDC when they transfer me around, so I write on the
5   back of all my legal documents.  But at one time, he said to
6   me, "I don't have any proof that you had a previous bail
7   hearing."
8         And I said to him, "I did have one."
9         He said, "I don't have any proof."
10        So I sent him the Minute Order from that previous
11  magistrate bail hearing before I came before Your Honor.  And
12  in the back it had page 38 of a novel that I'm writing about
13  this whole thing, and I told him, "Please send it back to me."
14  That was months ago.
15             THE COURT:  Page 38?
16             THE DEFENDANT:  Yes.  That was months ago.  I'm sorry
17  to bring it up to you.  I know Your Honor don't have time for
18  that.  But I've asked him for it several times.
19        He told me once, "Well, wait until we get done with the
20  trial."
21        I said, "I need it now."
22        And I don't plan to have any dealings with him, so I would
23  just like to get that letter back from him.
24             THE COURT:  Mr. Chambers, any insights with respect
25  to this page 38?
```

1    MR. CHAMBERS: I don't know what page 38 is, Your
2  Honor. But I can look on the back of documents that Mr. Gasca
3  has sent me over the time I've represented him, and perhaps I
4  can find a page 38.
5    THE COURT: He's indicating that it's -- just to try
6  to narrow the focus -- and correct me if I'm wrong,
7  Mr. Gasca -- it would be on the back of Minutes referencing a
8  bail hearing? Is that -- just answer that question, please.
9    THE DEFENDANT: Yes.
10    THE COURT: Okay. So, Mr. Chambers, if you can look
11  and see if you can find it. And if so, either bring it to
12  court next Monday -- probably, that's probably the quickest,
13  because if you put it in the mail, he's not going to get it.
14  So bring it to court next Monday when we start the trial.
15    MR. CHAMBERS: I will look, and if I find it, I will
16  bring it to court Monday.
17    THE COURT: Okay. All right. So next week -- I just
18  want to go through the schedule real quick. We'll begin
19  Monday. We can start at 9:00 on Monday. We'll go most days
20  till 4:30, 5:00. Like I said, I think the only -- next week is
21  the 5th. We should be able to go full day Monday, Tuesday;
22  probably till 4:00 on Wednesday; full day Thursday. We'll be
23  dark on the 9th. Then when we get into the 12th, the week of
24  the 12th, probably go full day Monday. Most days will be full
25  days. I may have some other matters that I need to take -- may

```
 1  need to take a break for an hour either right before lunch, and
 2  we may just adjust the lunch schedule to deal with that.  The
 3  15th, we'll end at 3:30.
 4       And you think the trial will go beyond the 15th, at least
 5  from the government's perspective?
 6            MR. REIDY:  No, Your Honor.
 7            THE COURT:  Okay.  And if we need to go the following
 8  week -- Fridays, just so you know, Mr. Gasca -- I think the
 9  government knows this -- usually are dark because I have got my
10  other calendar.  I deal with my civil and criminal stuff on
11  Fridays, generally.
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  Okay.  Mr. Chambers?
14            MR. CHAMBERS:  Yes, Your Honor.  Just for the Court's
15  information, Mr. Gasca's expert, Dr. Nair, is going to be taken
16  out of order, with the agreement of the parties, and testify on
17  Thursday, June the 8th.
18            THE COURT:  That is fine.
19            MR. REIDY:  And it may not be out of order, Your
20  Honor.  We may be done with our case by then.
21            THE COURT:  That's fine.  Because I know there was --
22  Dr. Nair, is it?
23            MR. CHAMBERS:  Nair.
24            THE COURT:  He's agreed to, you know, be an expert.
25  So if we need to get him here on an odd day, let's just get him
```

```
 1  here.  Okay.
 2          MR. CHAMBERS:  Thank you, Your Honor.
 3          THE COURT:  All right.  Yes, Mr. Reidy?
 4          MR. REIDY:  Your Honor, I apologize.  Is there any
 5  possibility we can go a little bit later than 5:00 on one of
 6  the days that the Court is available?
 7          THE COURT:  Is there a reason why?
 8          MR. REIDY:  To make sure that we get the trial done
 9  as quickly as possible.
10          THE COURT:  The only challenge is that he's not going
11  to get back in time.  What time is -- I don't know what time
12  the last bus is.  I guess they get them back no matter what,
13  but I mean --
14          THE DEFENDANT:  They take me back in a van whenever
15  I'm done.
16          THE COURT:  Well, look, we can try to push it.  What
17  are you talking?  5:00?  6:00?
18          MR. REIDY:  I think no later than 6:00, Your Honor.
19          THE COURT:  Mr. Gasca, do you have any objection if
20  we need to go late?
21          THE DEFENDANT:  No.
22          THE COURT:  Okay.  If we need to go to 6:00, that's
23  fine.  The A/C stops at 4:30, just so you know.  Okay.
24      Okay.  So then, we'll start your trial on Monday.  Opening
25  statements -- Mr. Gasca, I just want to make sure.  I think you
```

know this.  You are familiar with the trial process.  Opening statements, you don't have to make an opening because the burden is not on you, but if wish, you can make an opening statement.

They'll call witnesses.  You cross-examine.  If you make objections, I'll rule on them.  If they make objections, I'll rule on them.  If it's sustained, you can't proceed with that line of questioning.  If it's overruled, you can proceed with that line of questioning.

Ideally, if you have exhibits that you want to present in an ideal world, you will have those exhibits ready and present them to the government on the day of trial, at least.  So just think about that in terms of the scheduling.

I think that is it.  After the government has presented its case, again, there is no burden on you, but if you want to present a case, you can present a case.  In the instance that you wish to testify, I think you know that you would just sit on the witness stand and testify.

Now, the government may object to certain lines of your testimony, and I'll deal with those -- I'll deal with those at the time.

THE DEFENDANT:  I have one question, Your Honor.

THE COURT:  Yes.

THE WITNESS:  I've tried to get as much information as possible, but I seem to be unclear with this question,

```
 1  because I did a trial before, and they say it's changed now.
 2       Is there some sort of proposal for a time limit of opening
 3  when we start?  I mean, the last time I did it, they did an
 4  opening of an hour and a half.
 5           THE COURT:  As much as I wish there were time limits
 6  in criminal cases, can't do it.
 7           THE DEFENDANT:  Okay.
 8           THE COURT:  You're not allowed.  In a civil case, I
 9  do it all the time.  I've got a chess clock here.  You get X
10  amount of time for this; X amount of time for that.  So I know
11  when the trial is going to end.  Criminal cases --
12           THE DEFENDANT:  No.  I mean opening statement.
13           THE COURT:  No.  I can't do it.
14       Now, look, it's a bench trial.  Opening statements, just
15  so you know, -- the jury instructions are clear -- opening
16  statements are not evidence.  Evidence is the testimony of
17  witnesses.  So it's probably not in both sides' best interest
18  to be talking to me for an hour and a half in their opening
19  statements because that is not evidence.  I am going to wait to
20  see what the witnesses have to say.  You'll summarize your
21  evidence in the end.
22       Again, I'm listening to the case.  I'm going to be taking
23  notes.  I'm not going to tell you you can't take forever but
24  just keep that in mind.  This is different than a jury trial.
25       Anything else, Mr. Gasca?
```

```
1              THE DEFENDANT:  No, Your Honor.
2              THE COURT:  Okay.
3              THE DEFENDANT:  Thank you.
4              THE COURT:  Okay.  All right.  So then, I will see
5    you all next week for trial, beginning -- we'll start at
6    9:00 a.m. on the 5th.  Thank you all.  Have a good day.
7              THE DEFENDANT:  Thank you, Your Honor.
8              THE COURTROOM DEPUTY:  All rise.
9         (Adjourned at 2:38 p.m. )
10
11                             -oOo-
12
13
14                     REPORTER'S CERTIFICATE
15
16
17     I certify that the foregoing is a correct transcript of
18   proceedings in the above-entitled matter.
19
20   /s/ Suzanne M. McKennon, CSR, CRR, RMR
     _____        Date:  03/18/2024
21   United States Court Reporter
22
23
24
25
```